UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GARY CONWAY, JOSHUA
CONWAY, AND CHERISH
CONWAY

VERSUS

LOUISIANA HEALTH SERVICE &
INDEMNITY COMPANY, D/B/A
BLUE CROSS AND BLUE SHIELD

CIVIL ACTION

NO.: 14-CV-34-JWD-RLB

# ORDER

Before the Court is Defendant, The Shaw Group, Inc.'s (hereinafter "Shaw") Motion for Summary Judgment (Doc. 10), Defendant Louisiana Health Services & Indemnity Company d/b/a Blue Cross and Blue Shield's (hereinafter "Blue Cross") Motion for Summary Judgment (Doc. 17), and Shaw's Second Motion for Summary Judgment. (Doc. 19.)

Plaintiff filed an "Opposition to Motion for Summary Judgment" on September 16, 2014. (Doc. 25.) It is unclear which Motion(s) Plaintiff intended to oppose. As this was the only Opposition filed by Plaintiff, and as Plaintiff addresses issues raised by all of the Motions for Summary Judgment, and as the three Motions for Summary Judgment present very similar issues and arguments, the Court treats Plaintiff's Opposition as applicable to all three Motions and addresses them all herein. No oral argument is necessary.

Considering the foregoing and for the reasons set forth below, Defendants' Motions for Summary Judgment (Docs. 17, 19 and 25) are granted.

## I. Background and Arguments of the Parties

Gary Conway, then-husband of the now deceased Mittie Conway, was employed by The Shaw Group, Inc. prior to his termination. (Doc. 10-1, ¶ 1). Pursuant to his termination, the Conways' health insurance policy was terminated on November 30, 2011. (Doc. 1-4, ¶ 3). The Conways applied for a health insurance policy under The Consolidated Omnibus Budget Reconciliation Act (hereinafter "COBRA") through The Shaw Group, Inc. (Doc. 10-1, ¶ 1). The Shaw Group was the Conway's Plan Administrator and retained Louisiana Health Service & Indemnity Company, d/b/a/ Blue Cross and Blue Shield of Louisiana ("Blue Cross") to perform all functions in its stead as claims administrator. (Doc. 19-1, p. 2).

Blue Cross and Blue Shield of Louisiana ("Blue Cross") issued a COBRA health insurance policy providing coverage to the Conways. (Doc. 1-4, ¶4.) The record is unclear regarding the date the policy was issued. (Doc. 1-4, ¶ 4).

On May 9, 2012, Mittie Conway, using her Blue Cross insurance, attended an appointment with her doctor in which she complained of a bruise and small knot. (Doc. 1-4, ¶ 5). After an MRI and consultation with a surgeon, it was determined that the knot was cancerous and required removal. Dr. Jonathan Taylor, the examining surgeon, recommended and scheduled surgery for May 20, 2012. (Doc. 1-4, ¶ 5). Despite the urging of Dr. Taylor, Blue Cross refused to approve the surgery he deemed necessary to resect and biopsy the mass. (Doc. 23-3, ¶ 1).

After a few weeks, the mass doubled in size. (Doc. 25, p. 2). Dr. Taylor advised Ms. Conway to report to the nearest emergency room for emergency surgery. (Doc. 25, p. 2).[1] By this time, the cancer had already spread to Ms. Conway's skin and to other parts of her body.

---

[1] Pre-approval from Blue Cross is unnecessary for emergency procedures. (Doc. 25, p. 2).

(Doc. 25, p. 2). Sadly, Mittie Conway died on November 27, 2012, as a result of her condition. (Doc. 10-1, ¶ 2).

On January 17, 2013, Gary Conway filed a Petition for Damages against Blue Cross including as Plaintiffs Joshua and Cherish Conway, Mittie and Gary's natural children. (Doc. 1-4, ¶ 2). The action was filed in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, under Louisiana Civil Code Articles 2315.1 and 2315.2, Louisiana's survival and wrongful death actions. (Doc. 1-4, ¶ 14, 15). Plaintiffs allege that Ms. Conway died because Blue Cross failed to timely afford her the benefits to which she was entitled under the Plan.[2]

Blue Cross removed the action to this Court January 15, 2014 pursuant to 28 U.S.C. §§1441(a) and (b) and 1446. (Doc. 1, p. 1, 5). The district courts of the United States have original jurisdiction over claims brought under Employee Retirement Income Security Act ("ERISA"). *See* ERISA §502(e), 29 U.S.C. §1132(e); 28 U.S.C. §1331. Because ERISA pre-emption is comprehensive, pre-emption defense provides sufficient basis for removal to federal court notwithstanding the "well-pleaded complaint" rule. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987). Thus, this action is properly before this Court.

Following removal, Blue Cross submitted one Motion for Summary Judgment (Doc. 17) and Shaw Group submitted two Motions for Summary Judgment. (Doc. 10, 19). Plaintiff opposes these motions. (Doc. 25). Each of the three Motions assert that Ms. Conway's benefit plan was an ERISA plan, that her state law actions for wrongful death and survival are related to her plan, and that by virtue of their relation to an ERISA plan, the actions are pre-empted and barred by ERISA. (Doc. 10, 17, 19).

---

[2] There is disagreement amongst the parties as to whether Ms. Conway was actually entitled to such benefits. Blue Cross argues that they maintained sole discretion with respect to benefit allocation. (Doc. 19-2, p.7). Plaintiffs oppose this assertion. (Doc. 25, p. 2-3).

## II. Standard on Motion for Summary Judgment

Summary judgment shall be granted when there are no genuine issues of material facts and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex v. Carrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* at 248–49, 106 S.Ct. 2505. In order to grant a motion for summary judgment, the Court must be satisfied "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagra Mack & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990) (citing *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505).

The moving party bears the burden of establishing that there are no genuine issues of material fact. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. However, if the dispositive issues is one on which the nonmoving party will bear the burden of proof at trial, the nonmoving party may satisfy the burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the non-moving party's claim. *Id.* at 325, 106 S.Ct. 2548; *Lavaspere,* 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referencing evidence, set out specific facts showing that the genuine issue exists. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548.

The non-movant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *Id.* at 325, 106 S.Ct. 2548; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). The non-movant's burden in a summary judgment motion is not

satisfied by conclusory allegations, unsubstantiated assertions, or by a mere scintilla of evidence. *Liquid Air Corp.,* 37 F.3d at 1075. Instead, "[t]he non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Duffie v. United States,* 600 F.3d 362, 371 (5th Cir.2010) (internal quotation marks omitted). If the non-moving party's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. *Anderson,* 477 U.S. at 249–250, 106 S.Ct. 2505.

### III.     Law Applicable to the ERISA Pre-Emption

ERISA provides the exclusive law for any plan and ancillary claim qualifying under ERISA. The rights, regulations, and remedies created by ERISA supersede all state law claims insofar as they "relate" to any employee welfare benefit plan. 29 U.S.C. § 1144(a).

#### A.  **Whether the Plan is an ERISA Plan**

First, this Court must determine whether Conway's plan qualifies under ERISA. In *Meredith v. Time Insurance Co.,* the Fifth Circuit "devised a comprehensive test for determining whether a particular plan qualifies as an 'employee welfare benefit plan'" under ERISA. 980 F.2d 352, 355 (5th Cir. 1993). The test for whether a plan qualifies is whether a plan "(1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA 'employee benefit plan'—establishment or maintenance by an employer intending to benefit employees." *Id.* The plan must meet all of these requirements to be an ERISA plan. *Id.*

In the present case, it is undisputed that the plan falls under ERISA, making application of this test unnecessary. In Plaintiff's Statement of Established Facts and Contested Facts that Preclude Summary Judgment, Plaintiffs state they "do not dispute that the benefits at issue were provided under an ERISA plan." (Doc. 23-2, ¶ 2). In their Opposition to Motion for Summary

Judgment, Plaintiff states: "We acknowledge that the Plan of Benefits is an ERISA plan." (Doc. 25, p. 2). In the same document, Plaintiffs state that "[t]his is a 'claim for benefits' under ERISA." (Doc. 25, p. 4).

As it is undisputed that this plan falls under ERISA, the Court turns to whether the Conways' causes of action are preempted by ERISA.

B. **Whether Plaintiff's Causes of Action are Pre-Empted**

The central inquiry in determining whether a federal statute pre-empts state law is the intent of Congress. *FMC Corp. v. Holliday,* 498 U.S. 52, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990). In performing a preemption analysis the Court begins with any statutory language that expresses an intent to pre-empt, and also looks to the purpose and structure of the statute as a whole. *Id.* at 407. With respect to preemption, ERISA provides expressly:

> "[T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."

29 U.S.C.A. § 1144 (West).

It is well-established that the "deliberately expansive language" of this clause is a signal of Congress's intent that it be construed extremely broadly. See *FMC Corp.,* 111 S.Ct. at 407 ("[t]he pre-emption clause is conspicuous for its breadth"); *Ingersoll-Rand,* 111 S.Ct. at 482. ERISA's key words, "relate to," are used in such a way as to expand pre-emption beyond state laws that relate to the specific subjects covered by ERISA, such as reporting, disclosure and fiduciary obligations. *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990).

Thus, state laws "relate[ ] to" an employee benefit plan in a broad sense: whenever state laws have "a connection with or reference to such a plan" they "relate[ ] to" employee benefit

plans. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-2900, 77 L.Ed.2d 490 (1983). This sweeping pre-emption of state law is consistent with Congress's decision to create a comprehensive, uniform federal scheme for the regulation of employee benefit plans. See *Ingersoll-Rand,* 111 S.Ct. at 482.

Moreover, a state law is not saved from pre-emption merely because it does not expressly target employee benefit plans. Many cases involving pre-emption questions involve state laws of general application which, when applied in particular settings, can be said to have a connection with or a reference to an ERISA plan. See *Pilot Life,* 481 U.S. at 47-48, 107 S.Ct. at 1552-53 (common law tort and contract causes of action seeking damages for improper processing of a claim for benefits under a disability plan are pre-empted); *Shaw,* 463 U.S. at 95-100, 103 S.Ct. at 2898-2901 (state statute interpreted by state court as prohibiting plans from discriminating on the basis of pregnancy is pre-empted); *Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1218 (5th Cir.1992) (common law fraud and negligent misrepresentation claims that allege reliance on agreements or representations about the coverage of a plan are pre-empted).

Conversely, courts have recognized that not every cause of action that may be brought against an ERISA-covered plan is pre-empted. "Some state actions may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. Thus, "run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan" are not pre-empted. *Mackey,* 486 U.S. at 833, 108 S.Ct. at 2187 (discussing these types of claims in dicta).

With respect to Plaintiffs' wrongful death claims, *Corcoran v. United Healthcare, Inc.* is controlling. 965 F.2d 1321 (5th Cir. 1992), *abrogated on other grounds by Rogers v. Hartford*

7

*Life & Acc. Ins. Co.,* 167 F.3d 933, 944 (5th Cir. 1999).³ In that case, the plaintiffs filed a wrongful death action in Louisiana state court pursuant to La. Civ. Code art. 2315, alleging that their unborn child died as a result of various acts of negligence committed by Blue Cross and United Healthcare, Inc. *Id.* at 1324. After removal, the District Court for the Eastern District of Louisiana granted summary judgment to defendant Blue Cross and Blue Shield of Alabama, dismissing the case on ERISA preemption. On appeal, the Fifth Circuit affirmed, reasoning that "allowing the Corcorans' suit to go forward would contravene Congress's goals of 'ensur[ing] that plans and plan sponsors would be subject to a uniform body of benefit law' and 'minimiz[ing] the administrative and financial burdens of complying with conflicting directives among States or between States and the Federal Government.' *Id.* at 1332, quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990).

As in *Corcoran*, allowing the Conway's suit to go forward would contravene Congress's goals of 'ensur[ing] that plans and plan sponsors would be subject to a uniform body of benefit law' and 'minimiz[ing] the administrative and financial burdens of complying with conflicting directives among States or between States and the Federal Government." *Id*. Therefore, the Court grants Defendants' Motions for Summary Judgment and dismisses Plaintiff's wrongful death claim on ERISA preemption grounds.

With respect to Plaintiff's survival action claim, the Fifth Circuit has also held that survival action claims are pre-empted by ERISA. See *Hamman v. AmeriHealth Adm'rs, Inc.*, 543 Fed. Appx. 355 (5th Cir. 2013). As this Court is bound by Fifth Circuit precedent, Defendants' Motion for Summary Judgment in this regard must also be granted.

---

³ In *Rogers v. Hartford Life & Acc. Ins. Co.,* 167 F.3d 933, 944 (5th Cir. 1999), the Fifth Circuit held that 502(a)(3) of ERISA did not allow for the recovery of actual damages as were necessary to restore plaintiffs to the condition which "they should have occupied."

## IV. Conclusion

In light of Plaintiffs' admissions that the Conway's is an ERISA plan, Congress's intent that ERISA's preemption provision be construed broadly, and the Fifth Circuit's holdings in *Corcoran*, *supra,* and *Hamman*, *supra*, we find that no genuine issues of material fact exist regarding the preemption of the Conway's wrongful death and survival actions. While Defendants' approval of this surgery tragically came too late for Plaintiffs, we are bound by the specific relief provided by Congress under § 502(A)(1)(B) and, therefore, must dismiss Plaintiffs' claims.

Accordingly, **IT IS ORDERED, ADJUDGED AND DECREED** that the Shaw Group's and Blue Cross's Motions for Summary Judgment are **GRANTED**. (Docs. 10, 17, and 19.)

**IT IS FURTHER ORDERED, AJDUDGED, AND DECREED** that Plaintiff's claims for wrongful death and survival damages are **DISMISSED.**

Signed in Baton Rouge, Louisiana, on March 25, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**